IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 3 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02512-BNB

KEVIN SATTERFIELD,

    Applicant,

v.

KEVIN MILYARD, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

## I. Background

Applicant Kevin Satterfield is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Satterfield initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his June 2, 2004, conviction in the Arapahoe County District Court of Colorado in Case No. 02CR1212. In an order entered on November 24, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 5,

2008, Respondents filed a Pre-Answer. Mr. Satterfield filed a Reply on January 7, 2009.

In the Application, Mr. Satterfield asserts that he pled guilty to two counts of aggravated robbery and to one count of a crime of violence and was sentenced to two consecutive twenty-one year sentences. (Application at 2.) He also asserts that he did not file a direct appeal, but that he filed a Colo. R. Crim. P. 35(c) postconviction motion on November 30, 2005, that was denied on March 2, 2006. (Application at 4.) Mr Satterfield further states that the Colorado Court of Appeals affirmed the trial court's denial of the Rule 35(c) motion, that he appealed to the Colorado Supreme Court, and that the Supreme Court denied the appeal on December 31, 2007. (Application at 4.)

In their Pre-Answer, Respondents assert that on June 2, 2004, Mr. Satterfield pled guilty to two counts of aggravated robbery and to one count of a crime of violence. (Pre-Answer at 2.) Respondents further assert that Applicant was immediately sentenced to two consecutive twenty-one year sentences. (Pre-Answer at 2.) They also state that Mr. Satterfield did not file a direct appeal, but that he did file a letter with the state trial court, on August 29, 2005, which the court construed as a motion for a reduction of sentence filed pursuant to Colo. R. Crim. P. 35(b) and denied on October 24, 2005. (Pre-Answer at 2.) Respondents further state that Mr. Satterfield petitioned the state trial court for reconsideration of the denial of his motion for reduction of sentence, but the trial court denied the petition on November 17, 2005. (Pre-Answer at 2.)

Respondents also assert that Mr. Satterfield filed a Colo. R. Crim. P. 35(c) postconviction motion on February 28, 2006, which the trial court denied on March 2,

2

2006. (Pre-Answer at 3.) Mr. Satterfield appealed the trial court's denial of the postconviction motion, but the Colorado Court of Appeals affirmed the trial court's denial of the motion on August 9, 2007. (Pre-Answer at 3.) Applicant also petitioned the Colorado Supreme Court for a writ of certiorari, which the Supreme Court denied on December 31, 2007. (Pre-Answer at 4.)

II. Analysis

The Court must construe liberally Mr. Satterfield's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents argue that Mr. Satterfield's Application is time-barred. They contend that because he did not file a direct appeal his conviction became final on July 17, 2004, the date that the time for seeking appellate review expired under Colo. App. R. 4(b). Respondents conclude that because Mr. Satterfield did not file his first postconviction motion, a Rule 35(b) motion, until August 29, 2005, he did not have a postconviction motion pending in state court for over one year, from July 18, 2004, until August 28, 2005, and the Application is barred as untimely under § 2244(d).

In his Reply, Mr. Satterfield argues that the instant action is timely because even though he did not file a direct appeal he had ninety days from July 17, 2004, the date by which he was required to file a direct appeal in the Colorado Court of Appeals to seek review from the United States Supreme Court. Mr. Satterfield contends that because the ninety-day period concluded on October 17, 2004, and he had filed his first

4

postconviction motion on August 29, 2005, the time during which no postconviction motion was pending is less than one year.

Mr. Satterfield's interpretation of the case law pertaining to the ninety-day allowance is erroneous. Although pursuant to *Locke* the period of time to be considered under "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the time within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court whether or not the petitioner elects to do so, Mr. Satterfield was not able to file a petition for a writ of certiorari because he had failed to conclude all direct appeals in the state system. *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). Mr. Satterfield's conviction was final on July 17, 2004, when he failed to effect a direct appeal within the time allowed in state court. *See* Colo. App. R. 4(b)(1); 28 U.S.C. § 2244(d)(1)(A). He does not have available to him the ability to file a petition for a writ of certiorari with the United States Supreme Court because he failed to file a direct appeal in the Colorado Court of Appeals and a petition for a writ of certiorari with the Colorado Supreme Court.

Furthermore, Mr. Satterfield does not allege in either his Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims, which challenge the validity of his conviction and sentence, at the time of his conviction and direct appeal or that there were any impediments to filing a 28 U.S.C. § 2254 application regarding his claims that were created by state action.

The Court, therefore, finds that the one-year limitation period began to run on July 18, 2004, the day after Mr. Satterfield's conviction became final, until August 28, 2005, the day prior to when he filed his first postconviction motion. As a result, the Court finds that the time during which a postconviction motion or collateral proceeding was not pending in state court is greater than one year, and the action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Satterfield bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Satterfield fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his claims. The action, therefore, is barred by the one-year limitation period.

### B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Satterfield has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 23 day of January, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02512-BNB

Kevin Satterfield
Prisoner No. 122186
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Jennifer A. Berman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/23/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk